**Charles E. HOWARD, Plaintiff,**

v.

**HONDA MOTOR CO., LTD., and American Honda Motor Co., Inc., Defendants.**

No. 87–1884–CIV–T–17(A).

United States District Court, M.D. Florida, Tampa Division.

Oct. 27, 1989.

Paul A. Nelson, P.A., Tampa, Fla., for plaintiff.

Jeffrey A. Miller and Larry M. Roth, Roth, Edwards & Smith, Miami, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motions for partial summary judgment on the issue of punitive damages, and Plaintiff's response thereto.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing there is a genuine issue for trial.'" *Celotex, supra* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### I.

This is a product liability case. Plaintiff Charles E. Howard ("Howard") seeks compensatory and punitive damages from Defendants Honda Motor Co., Ltd., ("Honda") and American Honda Motor Co. Inc. ("American") for injuries received while riding a 1975 Honda CB500 motorcycle. Honda and American argue that Howard's allegations fall far short of those necessary to support a claim for punitive damages. This Court agrees.

Jurisdiction in this action is founded upon diversity of citizenship, 28 U.S.C. § 1332. This Court, while sitting in diversity, is bound to apply state substantive law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The question of whether Howard is entitled to punitive damages is therefore a question to be decided under Florida law.

The Florida Supreme Court has recently articulated the exacting standard required to support a claim for punitive damages. The plaintiff must allege and prove conduct by the defendant

> of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."

*Chrysler Corporation v. Wolmer,* 499 So.2d 823 (Fla.1986) (quoting *Carraway v. Revell,* 116 So.2d 16, 20 n. 12 (Fla.1959).

In *Wolmer,* the plaintiff sought punitive damages for a defect in the design of a Volare station wagon that led to the death of his wife. The Florida Supreme Court quashed the 4th District Court of Appeal's order upholding a jury verdict awarding substantial punitive damages. The Court declared that punitive damages were only proper in the *Wolmer* context if the defendant manufacturer "exhibited reckless disregard for human life equivalent to manslaughter by designing and marketing the Volare." *Wolmer, supra,* at 825.

In the instant litigation, it is appropriate to inquire into whether Defendants' conduct in designing and marketing the motorcycle in question could be said to have exhibited a "reckless disregard" for human life or safety "equivalent to manslaughter."

In determining the sufficiency of Howard's complaint, this Court applied the lenient federal standard of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and held that the allegations contained therein could support a claim for punitive damages. Howard quite properly quotes this Court's earlier Order denying a motion to dismiss.

But Howard, no doubt unintentionally, overlooks the major difference between a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Rule 56(c) requires the non-moving party to go beyond the pleadings and produce some evidence on each element on which he will bear the burden of proof at trial. Howard has not done so.

> We do not mean that the nonmoving party must produce evidence in form that would be admissable at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose [his] own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

*Celotex,* 106 S.Ct. at 2554.

## II.

Howard has not produced any evidence which would support an award of punitive damages. At best, what allegations he has supported tend to show negligence or something slightly more. This Court finds no support for the contention that Honda's conduct evidenced a reckless disregard for human life or safety. *White Construction Company v. Dupont,* 455 So.2d 1026 (Fla. 1984).

This Court finds that, as concerns the issue of punitive damages, there exists no genuine issue of material fact. Defen-

dants' motion for summary judgment may therefore be granted as a matter of law. Accordingly, it is Ordered that Defendants' motions for summary judgment regarding Count V of Plaintiff's second amended complaint be, and the same are, hereby GRANTED.

DONE and ORDERED.